1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT

9
SOUTHERN DISTRICT OF CALIFORNIA

10

11
UNITED STATES OF AMERICA,

Case No.: 19-mj-23887-RNB-CAB

12
Plaintiff,

13
v.

**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE [Doc. No. 10]**

14
MAXIMINO LOPEZ-DE LA CRUZ,

15
Defendant.

16

17    Defendant Maximino Lopez-De La Cruz pleaded guilty to attempting to illegally

18    enter the United States. On appeal, he argues that the Court's chosen method of

19    adjudicating illegal entry cases violates equal protection and due process, and that 8

20    U.S.C. Section 1325 is unconstitutional because it violates the non-delegation clause and

21    is impermissibly vague. He also argues that the complaint was deficient and that the

22    magistrate judge erred by failing to advise Defendant that knowledge of alienage was a

23    required offense element. [Doc. No. 19.]  The Government filed an opposition [Doc. No.

24    21] and Defendant filed a reply [Doc. No. 22.]  For the reasons set forth below, the Court

25    DENIES the appeal [Doc. No. 10] and AFFIRMS the conviction and sentence.

26                                    BACKGROUND

27    On September 17, 2019, a Border Patrol agent spotted Defendant and one other

28    individual hiding behind large bushes approximately twenty-and-a-half miles east of the

1

1   Tecate Port of Entry and two-and-a-half miles north of the border. [Doc. No. 1.]

2   Defendant admitted he was a citizen of Mexico without documents to enter the United

3   States. *Id.* Defendant was arrested and charged with attempted illegal entry in violation of

4   8 U.S.C. § 1325(a)(1), which provides that "any alien who … enters or attempts to enter

5   the United States at any time or place other than as designated by immigration officers" is

6   guilty of a misdemeanor. *Id.* Defendant's complaint alleged that he "knowingly and

7   intentionally attempted to enter the United States of America with the purpose, i.e.,

8   conscious desire, to enter the United States at a time and place other than as designated

9   by immigration officers . . . ." [Doc. No. 1.]

10      Following a complete Rule 11 colloquy, Defendant pleaded guilty, admitting that

11  he was not a citizen or national of the United States; that he entered the United States

12  from Mexico; that he intended to enter the United States at a place other than a

13  designated port of entry; and that he intended to enter the United States without being

14  detected or apprehended by government authorities. [Doc. No. 18, Transcript of Change

15  of Plea Hearing, at 13-14.] Beyond one objection not pursued on appeal, Defendant's

16  lone objection to the proceeding was that "knowledge of alienage" was a required

17  element of a § 1325 offense. The Court overruled the objection, accepted Defendant's

18  guilty plea, and sentenced him to time served. *Id.* at 17.] This appeal follows.

19                                LEGAL STANDARD

20      "A defendant may appeal a magistrate judge's judgment of conviction or sentence

21  to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B); see also 18

22  U.S.C. § 3402. "The defendant is not entitled to a trial de novo by a district judge." Fed.

23  R. Crim. P. 58(g)(2)(D). Rather, the appeal's scope "is the same as in an appeal to the

24  court of appeals from a judgment entered by a district judge." *Id*. Defendant's appeal in

25  this case was timely filed.

26  / / / / /

27  / / / / /

28  / / / / /

1

DISCUSSION

2

A. Defendant Waived His Right to Raise Constitutional Objections to "Streamline

3

Court."

4

Defendant argues that he was unconstitutionally treated differently that those

5

prosecuted for petty offense through the Government's Central Violations Bureau. [Doc.

6

No. 19 at 5.] The Ninth Circuit soundly rejected this argument, following a similar guilty

7

plea, in *United States v. Chavez-Diaz*, 949 F.3d 1202, 1206 (9th Cir. 2020) (providing an

8

unconditional guilty plea constitutes a waiver of the right to appeal such constitutional

9

issues). Since Defendant's guilty plea was unconditionally made, he waived the right to

10

raise any objections to "Streamline Court."

11

B. *Morales-Santana* Does Not Render Section 1325 Unconstitutional.

12

Defendant argues that *Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017),

13

renders Section 1325 unconstitutional. [Doc. No. 19 at 16.] This Court agrees with those

14

courts that have held *Morales-Santana* is inapplicable to Section 1325. *See, e.g., United*

15

*States v. Ramirez-Ortiz*, 370 F. Supp. 3d 1151, 1156 (S.D. Cal. 2019) ("*Morales-Santana*

16

does not address the constitutionality of 8 U.S.C. § 1325, and the severability clause of

17

the Immigration and Nationality Act allows for offending provisions to be stricken

18

without affecting or invalidating the whole."); *see also United States v. Duffy*, 773 F.

19

App'x 947, 949 (9th Cir. 2019) (unpublished) ("The severability clause of the

20

Immigration and Nationality Act ('INA') dictates that the remainder of [the Act] was not

21

affected by *Morales-Santana*."). This Court adopts the reasoning in those cases and finds

22

that Section 1325 is not unconstitutional.

23

C. The Statute Does Not Violate the Non-Delegation Doctrine, Nor Is It

24

Unconstitutionally Vague.

25

Section 1325 makes it a crime for a non-citizen to enter or attempt to enter the

26

United States at a time or place "other than as designated by immigration officers."

27

Defendant argues this violates the non-delegation doctrine because Congress has

28

delegated to immigration officers the ability to determine the scope of a criminal

3

1 provision without providing the executive branch official with an intelligible principle to

2 guide the official's discretion.  [Doc No. 19 at 20.] For the reasons set forth in *United*

3 *States v. Gonzalez-Pena*, 445 F. Supp. 3d 1021, 1029–30 (S.D. Cal. 2020), this Court

4 finds that Section 1325, making it illegal for an individual to enter the United States other

5 than a place designated by immigration officers, does not violate the non-delegation

6 doctrine.

7       Furthermore, the statute is not unconstitutionally vague. "A statute can be

8 impermissibly vague for either of two independent reasons. First, if it fails to provide

9 people of ordinary intelligence a reasonable opportunity to understand what conduct it

10 prohibits.... Second, if it authorizes or even encourages arbitrary and discriminatory

11 enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000); *Papachristou v. City of*

12 *Jacksonville*, 405 U.S. 156, 162 (1973). However, Section 1325 provides adequate notice

13 to people of reasonable intelligence as to what is prohibited. Individuals must enter the

14 United States through a designated Port of Entry. Failure to do so by one who is not a

15 citizen of the United States is a violation. There is no suggestion that the statute

16 encourages or even allows arbitrary or discriminatory enforcement. Therefore, the statute

17 is not unconstitutionally vague.

18       D. The Allegations in the Complaint Complied with FRCP 3 and 7(c).

19       Defendant argues that the charging document in this case was deficient because it

20 failed to encompass the correct elements of § 1325(a)(1). [Doc. No. 19 at 21.] Under

21 Federal Rule of Criminal Procedure 7, a charging document must include the "essential

22 facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). A charging document

23 "that tracks the words of the statute violated is generally sufficient" to allege the elements

24 of an offense, but "implied necessary elements, not present in the statutory language"

25 must also be included. *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995).

26       First, Defendant argues that the charging document in this case is deficient because

27 it fails to allege that Defendant had " 'the specific intent to enter the country free from

28 official restraint.' " [Doc. No. 19 at 22.] This argument is foreclosed by the Supreme

1  Court's decision in *United States v. Resendiz-Ponce*, 549 U.S. 102, 107-08 (2007)([A]n

2  indictment alleging attempted illegal reentry under § 1326(a) need not specifically allege

3  a particular overt act or any other 'component par[t]' of the offense.... [I]t [i]s enough for

4  the indictment in this case to point to the relevant criminal statute and allege that '[o]n or

5  about June 1, 2003,' respondent 'attempted to enter the United States of America at or

6  near San Luis in the District of Arizona.' ")(citations omitted). *See United States v.*

7  *Ramos-Moran*, 2019 WL 4393670, at *3 (S.D. Cal. Sept. 13, 2019)(finding information

8  alleging violation of § 1325(a)(1) sufficiently charged because the information's use of

9  the word "attempt" encompasses the intent element of the offense). As such, the Court

10  rejects Defendant's argument that the charging document is deficient because it fails to

11  allege the specific intent element of the charged offense.

12      Second, Defendant argues that the charging document is deficient because it fails

13  to allege that Defendant had knowledge of his alienage (i.e., that he knew he was not a

14  United States citizen). [Doc. No. 19 at 22.]  Defendant argues that this specific mens rea

15  element is required under the Supreme Court's decision in *Rehaif v. United States*, 139 S.

16  Ct. 2191, 2195–97 (2019). However, *Rehaif* is inapplicable here. *See United States v.*

17  *Velazquez-Hernandez*, 2020 WL 475272, at *5 (S.D. Cal. Jan. 28, 2020)("The question in

18  *Rehaif* ... concerned 'the scope of the word "knowingly," ' with the Supreme Court

19  holding 'knowingly' applied to 'both defendant's conduct and status.' In contrast, here,

20  Congress did not incorporate a 'knowingly' requirement into the text of § 1325(a)(1)");

21  *United States v. Nunez-Soberanis*, 406 F. Supp. 3d 835, 843 (S.D. Cal. Aug. 30, 2019)

22  ("[T]he Court concludes that the rationale in *Rehaif* is not directly applicable to a

23  prosecution under § 1325 and does not require the Government to allege or prove that

24  Defendant knew he was an alien."). In sum, the Court rejects Defendant's challenges to

25  the sufficiency of the charging document in this action.

26  / / / / /

27  / / / / /

28  / / / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's appeal from the Magistrate Judge's decision [Doc. No. 10] and **AFFIRMS** Defendant's conviction and sentence.

**IT IS SO ORDERED**.

Dated:  March 4, 2025

_____

Hon. Cathy Ann Bencivengo
United States District Judge

6